UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>   Plaintiff,<br><br> v.<br><br>WILLIAM OGLESBY, et al.,<br><br>   Defendants. | No. 1:25-cv-00042-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF PAY THE FILING FEE FOR THIS ACTION |

   Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

   On January 3, 2025, Plaintiff filed the complaint commencing this action in the United States District Court for the Northern District of California. (ECF No. 1.) The action was transferred to this Court on January 8, 2025. Plaintiff has not submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or paid the $405.00 filing fee for this action. However, a review of the Court's electronic filing system reflects that Plaintiff has suffered three of more strikes under 28 U.S.C. § 1915(g), and is not allowed to proceed in forma pauperis unless he was under imminent danger of serious physical injury at the time of filing the complaint.

///

///

///

# I.

# DISCUSSION

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice[1] of the following United States District Court cases: (1) (1) Kelly v. Youngblood, No. 2:04-cv-2462-WBS-DAD (E.D. Cal. Dec. 29, 2004) (dismissed for failure to exhaust administrative remedies clear from the face of complaint); (2) Kelly v. Gyorkey, No. 2:11- cv-2142-WBS-EFB (E.D. Cal. Aug. 6, 2012) (dismissed for failure to state a claim); (3) Kelly v. Elit, No. 1:18-cv-0019-DAD-SAB (E.D. Cal. June 25, 2018) (dismissed for failure to state a claim); (4) Kelly v. Islam, No. 1:18-cv-0018-DAD-JDP (E.D. Cal. Dec. 4, 2018) (dismissed for failure to prosecute, following a screening order dismissing complaint for failure to state a claim).[2]

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 634 n.1 (N.D. Cal. 1978).

[2] See also Kelly v. Jones, No. 2:24-cv-02462-KJM-JDP (PC) (denying in forma pauperis status based on three-strikes under section 1915(g).

which turns on the conditions he faced at the time he filed his complaint on October 24, 2024 (with application of the mailbox rule). Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing. In the instant complaint, Plaintiff alleges that he was sexually harassed by a California Health Care Facility officer and when he was transferred to Kern Valley State Prison he did not feel safe around another individual who he had prior issues of sexual harassment. (ECF No. 1.) Plaintiff has alleged no facts that he suffered physical injury, let alone factual allegations to establish that he "faced 'imminent danger of serious physical injury' at the time of filing." See Andrews, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[ ] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."); see also, Winfield v. Schwarzenegger, No. 2:09–cv–0636–KJN–P, 2010 WL 3397397, at *2 (E.D. Cal. Aug. 27, 2010) ("At the time of filing the operative ... complaint, plaintiff was incarcerated at [CSP–Sacramento]; thus, he is not facing imminent danger of serious physical injury based on allegations against defendant ... at San Quentin State Prison."). Therefore, Plaintiff does not establish an exception to the three-strikes rule of § 1915(g), and he is precluded from proceeding in forma pauperis and must pay the filing fee for this action to proceed.

## II.

## ORDER AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed in forma pauperis and instead be directed to pay the $405.00 filing fee in full if he wishes to proceed with this action.

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 13, 2025**

STANLEY A. BOONE
United States Magistrate Judge