UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM OGLESBY, et al.,<br><br>　　　　　Defendants. | No.  1:25-cv-00042-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 3) |

　　　　Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed the instant action on January 3, 2025, along with a motion for appointment of counsel. (ECF Nos. 1, 3.)  Plaintiff requests appointment of counsel because: (1) he is indigent and cannot afford a lawyer; (2) his imprisonment limits his ability to litigate the case; (3) a trial will likely involve conflicting testimony; and (4) he has been unable to obtain a lawyer on his own behalf.  (ECF No. 3.)

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section

1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. On January 13, 2025, Findings and Recommendations were issued recommending Plaintiff's application to proceed in forma pauperis be denied because he has suffered three or more strikes under 28 U.S.C. § 1915(g), and he be directed to pay the $405.00 filing fee. (ECF No. 11.) Thus, the Court cannot determine the likelihood of success on the merits of Plaintiff's claims. Further, a review of the operative complaint reflects that Plaintiff has been able to adequately articulate his claims. (ECF No. 1.) In addition, the fact that Plaintiff is imprisoned and has not been able to obtain counsel on his own, are circumstances faced by almost all other prisoners seeking relief by way of civil rights complaint. <u>See, e.g.</u>, <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (upholding denial of appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); <u>Marquez v. United States</u>, No. 318CV00434CABNLS, 2018 WL 3388098, at *3 (S.D. Cal. July 12, 2018) ("[M]any of Plaintiff's assertions, such as limited education, no legal training, and limited access to the law library, are issues common to many prisoners and do not amount to exceptional circumstances."); <u>Galvan v. Fox</u>, No. 2:15-CV-

01798-KJM-DB, 2017 WL 1353754, at *8 (E.D. Cal. Apr. 2017) ("Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel."). Accordingly, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: __**February 12, 2025**__

STANLEY A. BOONE
United States Magistrate Judge